**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------x

GABRIEL HIMMELFARB,                   :
on behalf of himself and a class,     :
                                      :
                Plaintiff,            :
                                      :     Case No. 17-cv-4744
        vs.                           :
                                      :
NATIONAL BUREAU COLLECTION            :
CORP.; PERRI E. FROSCH;               :
and DOES 1-10                         :
                                      :
                Defendants.           :
-----------------------------------------------------x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff  Gabriel Himmelfarb  brings this action to secure redress from unlawful credit and collection practices engaged in by defendants  Perri E. Frosch  and  National Bureau Collection Corp. and Does 1-10.

2.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt

collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v.*

*Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6.      The FDCPA encourages consumers to act as "private attorneys general" to

enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union,*

*LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7.      Plaintiff seeks to enforce those policies and civil rights which are expressed

through the FDCPA, 15 U.S.C. §1692 *et seq.*

## VENUE AND JURISDICTION

8.      This Court has jurisdiction under  15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331

and 28 U.S.C. §1337.

9.      Venue and personal jurisdiction in this District are proper because:

    a.      Defendants' communications and notices were received by plaintiff within

        this District;

    b.      Defendants do or transact business within this District.

## PARTIES

10.     Plaintiff Gabriel Himmelfarb is a resident of Brooklyn, New York.

11.     Defendant National Bureau Collection Corp. is a corporation organized under the

laws of the State of New York with offices located at 150 White Plains Road, Suite 108,

Tarrytown, New York.

12.     Defendant National Bureau Collection Corp. operates a collection agency at that

address and is engaged in the collection of debts from consumers using the mail and telephone.

13.     Defendant National Bureau Collection Corp. regularly attempts to collect alleged

consumer debts alleged to be due to another.  Many of the debts are health care debts.

14.     Defendant National Bureau Collection Corp. was and is a "debt collector" as

defined by the FDCPA, 15 U.S.C. §1692a(6).

15.     Perri E. Frosch is an attorney who may be found at  150 White Plains Road, Suite 108, Tarrytown, NY 10591.

16.     Perri E. Frosch allows the use of her letterhead on debt collection letters sent to collect consumer debts.

17.     Does 1-10 are other natural persons and entities that were involved in the conduct complained of.

## FACTS

18.     On or about June 28, 2017, the letter attached as Exhibit A, bearing the header "The Law Office of Perri E. Frosch,"  was mailed to plaintiff for the purpose of collecting an alleged health care debt owed to Maimonides Medical Center.  Any such debt was for  personal, family or household purposes.

19.     The letter has the code "NBCCP1" in the lower right hand corner above the payment coupon.

20.     "NBCC" refers to National Bureau Collection Corp.

21.     Exhibit A bears the telephone number 212-363-7800.  This is the only telephone number on the letter.

22.     National Bureau Collection Corp. operates a collection agency at 150 White Plains Road, Suite 108, Tarrytown, NY 10591. It sometimes does business as "CollectYourBills.com".  (Exhibit B)

23.     National Bureau Collection Corp. collects debts for Maimonides Medical Center.

24.     National Bureau Collection Corp. states that it "has a staff of collection attorneys that will sue any account that they judge to be collectable through the court system." (Exhibit C)

25.     In 1996, letters attempting to collect debts owed to Maimonides Medical Center were  sent under the letterhead of "Korsinsky & Klein, LLP" with the same telephone number 212-363-7800.  (Exhibit D)

26.     Calls to 212-363-7800 are greeted by a recorded voice stating that one has

reached a "law office," without specification as to which law office.

27.      Between 1996 and 2017, National Bureau Collection Corp. sent other letters purporting to come from attorneys (Exhibits E-I).  Letters sent to collect debts owed to persons other than Maimonides Medical Center did not use the telephone umber 212-363-7800.

28.      On information and belief, Exhibit A was actually sent without the involvement of Frosch or  any other attorney, and directed calls to a telephone number issued to or used exclusively for Maimonides Medical Center. On information and belief National Bureau Collection Corp. and Does 1-10 were involved in the decision to send and the sending of letters purporting to come from Frosch.

29.      On information and belief, Frosch allowed National Bureau Collection Corp. and others to send letters under her purported letterhead.

**COUNT I – FDCPA – CLASS CLAIM**

30.      Plaintiff incorporates paragraphs 1-29.

31.      The sending of "Frosch" letters violated 15 U.S.C. §§1692e and (with respect to Frosch) 1692j.

32.      Section 1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)      The false representation of--**
>
> **(A)      the character, amount, or legal status of any debt; . . .**
>
> **(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney. . . .**
>
> **(10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

33.      Section 1692j provides:

**§ 1692j. Furnishing certain deceptive forms**

4

**(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.**

**(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.**

## CLASS ALLEGATIONS

34.     Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ.P. 23(a) and (b)(3).

35.     The class consists of (a) all natural persons (b) sent a letter in the form represented by Exhibit A (c) to collect a debt alleged owed to Maimonides Medical Center (d) which letter was sent on or after a date one year prior to the filing of this action, and on or before a date 21 days after the filing of this action.

36.     On information and belief, based on the size of defendants' operations and the use of form documents,  the class exceeds 40, and is so numerous that joinder of all members is not practicable.

37.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

38.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

39.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff have retained counsel experienced in consumer credit and debt collection abuse cases.

40.     A class action is superior to other alternative methods of adjudicating this dispute, in that:

      a.     Individual cases are not economically feasible.

      b.     Many debtors may not realize that their rights are violated.

      c.     Congress intended class actions as a principal means of enforcing the FDCPA.

WHEREFORE, plaintiff request that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

    i.     A declaration that defendants' communication violates the FDCPA;

    ii.     Statutory damages;

    iii.     Attorney's fees, litigation expenses and costs of suit;

    iv.     Such other or further relief as the Court deems proper.

s/Tiffany N. Hardy
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


s/Abraham Kleinman
Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@akleinmanllc.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>s/Tiffany N. Hardy</u>
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demand that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Tiffany N. Hardy
Tiffany N. Hardy