```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
---------------------------------------------------------------

GABRIEL HIMMELFARB, on behalf of himself
and a class,

                Plaintiff,

                    v.

NATIONAL BUREAU COLLECTION CORP.,
PERRI E. FROSCH, and DOES 1-10,

                Defendants.

**MEMORANDUM & ORDER**
17-CV-4744 (MKB) (PK)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Gabriel Himmelfarb commenced the above-captioned action against Defendants National Bureau Collection Corporation ("NBCC"), Perri E. Frosch ("Frosch") and Does 1-10, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (*See* Compl., Docket Entry No. 1.) Plaintiff alleges that Defendants violated the FDCPA by making false, deceptive, or misleading representations in connection with debt collection. (*Id.*) On the same day he filed the Complaint, Plaintiff also filed a motion for class certification and a motion to enter and continue the former "until defendants . . . have appeared in this matter and a schedule has been set for the litigation of the case." (*See* Mot. for Class Certification, Docket Entry No. 4; Mot. to Enter and Continue 1, Docket Entry No. 6.) Defendant Frosch filed a letter opposing the motions on September 12, 2017. (Frosch Opp'n, Docket Entry. No. 15.)

      On September 12, 2017, the Court referred Plaintiff's motions to Magistrate Judge Peggy Quo for a report and recommendation. (Order dated Sept. 12, 2017.) By report and recommendation ("R&R") dated September 28, 2017, Judge Quo recommended that the Court deny Plaintiff's motion to enter and continue with prejudice, and deny the motion for class

certification without prejudice to renew.[1] (R&R 1, Docket Entry No. 17.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x. 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x. 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

---

[1] By the date of the R&R, Defendant Frosch had not filed an answer and Defendant NBCC had not appeared in the action.

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court denies Plaintiff's motion to enter and continue with prejudice, and denies the motion for class certification without prejudice to renew.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: December 22, 2017
       Brooklyn, New York